## JAMES W. KYZER v. S. N. MIDDLETON.

1. ATTACHMENT FOR RENT. *Suit for double damages. Section 1311, Code 1880, construed.*

   It is only where the landlord falsely pretends that there is something due, when in truth nothing is due, that the tenant can, without replevying the property, maintain a suit on the attachment bond for double damages under § 1311.

2. SAME. RENT NOT DUE. *Removal of property from demised premises. Remedy of tenant.*

   Where the attachment is for rent not due, upon affidavit that the property upon the demised premises is being removed, the remedy for the tenant, where the attachment is wrongful, is by replevying the property and obtaining judgment for damages on the bond, as indicated by § 1315, Code 1880.

APPEAL from the Circuit Court of Lincoln County.

HON. J. B. CHRISMAN, Judge.

The facts are stated in the opinion.

*Sessions & Cassedy*, for the appellant.

1. The declaration stated a cause of action arising under § 1311 of the Code of 1880, and the demurrer should not have been sustained; and for this reason we insist the judgment should be reversed.

2. Kyzer leased the land from Middleton, who was then owner, the first of January, 1880, and the rent was to become due January 1, 1881. On the 9th of February, 1880, Middleton by absolute deed, without any reservation of rent, conveyed the leased premises to Hyman. These facts destroyed the relation of landlord and tenant between Middleton and Kyzer, and Middleton could not thereafter invoke against him the remedies for the collection of rent given by the statute. Rent is an incident to the reversion and before maturity follows by operation of law the title to the premises. 51 Miss. 476. A landlord who has assigned his rent cannot afterward sustain an attachment for it. 53 Miss. 406. A distress for rent can only be made in the name of the person to whom the rent is due. Taylor on Landlord and Tenant, §§ 567, 568. A distress can only be made where the relation of landlord and tenant exists, and in general the person who distrains must possess the reversion either actually or by estoppel. Wood's Landlord and Tenant 932; *Patty* v. *Bogle*, 59 Miss. 491; *Bloodworth* v. *Stevens*, 51 Miss. 480.

*R. H. Thompson*, for the appellee.

1. An examination of the two declarations and a comparison of one with the other and the original with the bond sued on shows the defects of the original declaration. But why argue this, as appellant, having twice amended his declaration, the last time on his own motion, after a demurrer to his first amended declaration had been overruled, and having had all the advantages of a first trial, and having fully presented his cause on the merits? The first assignment of error therefore (if true) is not sufficient to warrant a reversal.

2. The court did not err in overruling the motion for a new trial unless some substantial injustice had been done to Mr. Kyzer. Now when we come to look into the case we find that it was a trial of disputed facts, that the testimony supports the verdict, and that the instructions of which Kyser can complain are not erroneous. The point principally urged by the appellant is that Middleton, having sold to Hyman, could not after he had ceased to be landlord invoke the rent attachment process. To answer this argument we have but to consider the deed in connection with defendant's evidence and especially with the written instrument (in form an affidavit of Hyman, it is true) read to the jury. The two instruments amount to this—that Middleton reserved in himself the right to the rents and to collect the rents to become due from Kyzer. It is plain under the two instruments that Hyman could not have attached for rent; he acquired no title to the rent. If Hyman could not attach, then surely Middleton could.

CHALMERS, J., delivered the opinion of the court.

Middleton sued out an attachment for rent against Kyzer upon affidavit that the rent was not due, but that the tenant was removing his property from the demised premises so that no distress could be made. Code of 1880, § 1304.

Property to the amount of one hundred and thirty-five dollars was seized and sold under this writ; and subsequently Kyzer brought the present action upon the attachment bond given by Middleton to recover damages in double the amount for which the property was sold, as indicated by § 1311 of Code of 1880.

The action cannot be maintained. It is confined by its terms to cases where there has been sales of property under attachments for " rent pretended to be due and in arrear, where in truth no rent or other thing is due or in arrear."

It cannot be brought, therefore, where the attachment is brought for rent not due upon affidavit that the property upon the demised premises is being removed.

In such cases the remedy of the tenant, where the attachment is wrongful, is pointed out by §§ 1312–1315 inclusive, that is, by re-

plevying the property and obtaining judgment for damages on the bond as indicated by § 1315. It is only where the landlord falsely pretends that there is something due where in truth nothing is due, that the tenant can without replevying the property maintain a suit on the bond for double damages under § 1311.

*Judgment affirmed.*